*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARREN LYNN SHAMION,

       Plaintiff-Appellee,

v

ROBERT LEE SKALITSKY,

       Defendant-Appellant.

UNPUBLISHED
February 24, 2022

No. 358254
Ontonagon Circuit Court
Family Division
LC No. 18-000007-DM

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order regarding parenting time. We affirm.

## I. BACKGROUND

The parties' minor child, HS, was five years old at the time of the hearing on this matter. When the parties divorced, plaintiff was given primary physical custody of HS, and the parties shared joint legal custody. Initially, there was no formal custody order, and the parties decided when defendant had parenting time by mutual agreement. Generally, defendant would exercise two nights of parenting time each week. When HS reached school age, defendant filed a motion in the trial court seeking three weekends a month and week on, week off parenting time in the summer. The court ordered that defendant would have parenting time every other weekend from Friday night until Sunday night and the parties would split custody equally during the summer, and the court implemented an expanded holiday schedule as stipulated by the parties.

## II. ANALYSIS

Defendant argues that the court's parenting-time order modified the established custodial environment and deprived him of joint legal custody. We disagree. We further conclude that the court's factual findings were adequate to support its order.

## A. STANDARDS OF REVIEW

When reviewing a lower court order in a custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. This statute "distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). Factual findings "are reviewed under the great weight of the evidence standard." *Id*. (quotation marks and citation omitted). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). Questions involving an established custodial environment are issues of fact and therefore reviewed under this standard. *Id*. "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted). "Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is palpably and grossly violative of fact and logic[.]" *Dailey*, 291 Mich App at 664-665 (quotation marks and citations omitted).

"Unpreserved issues are reviewed for plain error. To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Marik v Marik*, 325 Mich App 353, 359; 925 NW2d 885 (2018) (quotation marks and citations omitted).

## B. ESTABLISHED CUSTODIAL ENVIRONMENT

Defendant argues that the trial court's order altered the established custodial environment. We disagree. Because defendant did not raise this argument in the trial court, we review for plain error.

Child custody in Michigan is governed by the Child Custody Act, MCL 722.21 *et seq*. "When resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

"[A] custodial environment can be established in more than on home." *Ritterhaus v Ritterhaus*, 273 Mich App 462, 471; 730 NW2d 262 (2007). A change in the established custodial environment occurs "if parenting-time adjustments change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort[.]" *Marik*, 325 Mich App at 361 (quotation marks and citation omitted). A change that "substantially reduce[s] the time a parent

spends with a child" could "potentially cause a change in the established custodial environment." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013) (pertaining to a change in domicile). A change in the established custodial environment occurs if the parents were "equally active in" the child's life before the order, but one parent was "relegated to the role of a 'weekend' parent" after the order. *Powery v Wells*, 278 Mich App 526, 528; 752 NW2d 47 (2008). "If the proposed change alters the established custodial environment, the party seeking the change must demonstrate by clear and convincing evidence that the change is in the child's best interests." *Marik*, 325 Mich App at 361. If an order does not change an established custodial environment, then the applicable standard of proof is a preponderance of the evidence. *Id.* "[A] case in which the proposed change would modify the custodial environment is essentially a change-of-custody case." *Pierron*, 486 Mich at 92-93.

Prior to this custody order, defendant would generally have custody of HS for two nights a week, and HS would spend the rest of her time with plaintiff. That, for the most part, continues to be the dynamic. Defendant cites cases in which the parties initially had 50/50 custody, but defendant has never had parenting time that came close to the amount exercised by plaintiff. The parents' roles in HS's life remain essentially the same, and there was not a significant reduction in the total amount of parenting time that defendant received with HS, taking into consideration the split holiday and summer schedule. These facts, in conjunction with the deferential standards of review for factual issues and unpreserved arguments, lead us to the conclusion that the trial court's findings were not against the great weight of the evidence.

## C. LEGAL CUSTODY

The new parenting-time schedule did not deprive defendant of legal custody of HS. "[T]he Child Custody Act draws a distinction between physical custody and legal custody: Physical custody pertains to where the child shall physically 'reside,' whereas legal custody is understood to mean decision-making authority as to important decisions affecting the child's welfare." *Varran v Granneman (On Remand)*, 312 Mich App 591, 604; 880 NW2d 242 (2015). When parents have joint legal custody, this means "the parents shall share decision-making authority as to the important decisions affecting the welfare of the child." MCL 722.26a(7)(b). There is nothing in the record that supports defendant's assertion that he has been stripped in any way of decision-making authority with respect to HS. Defendant argues that the schedule will give him fewer opportunities to directly assist HS with her education; however, he has conflated legal custody and physical custody. Therefore, this argument is without merit.

## D. FINDINGS OF FACT

Defendant also raises arguments that pertain to the trial court's legal framework and the corresponding findings of facts. We find no errors.

MCL 722.27a(7) provides factors that courts may consider when determining parenting time, and MCL 722.23 contains 12 factors that the court must consider when determining custody, but are also relevant to parenting time. The trial court did not explicitly consider any of these factors. However, the court was not required to consider the custody factors because the order did not modify the custodial environment. See *Marik*, 325 Mich App at 361; *Pierron*, 486 Mich at 92-

93. Moreover, failing to consider the parenting-time factors does not warrant reversal because "it was clear from the trial court's statements on the record that the trial court was considering the minor child's best interests in modifying defendant's parenting time." *Shade v Wright*, 291 Mich App 17, 32; 805 NW2d 1 (2010). For example, defendant wanted his weekend parenting time to extend into Monday morning, but the court refused because it was not in HS's best interests to have to get up early on Mondays to commute to school. Additionally, the parties wanted to implement rights of first refusal if one party could not exercise parenting time, but the court declined to do this out of fear that it would cause conflict and confusion. We discern no error in the court's findings.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan