# STATE OF MICHIGAN

# COURT OF APPEALS

---

KIMBERLY MARIE MARIK,

        Plaintiff-Appellee,

v

PETER BRIAN MARIK,

        Defendant-Appellant.

FOR PUBLICATION
July 24, 2018
9:00 a.m.

No. 333687
Macomb Circuit Court
Family Division
LC No. 2011-000651-DM

---

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

CAMERON, P.J.

Defendant appeals the trial court's order denying his request to change the school enrollment for the parties' minor children and his corresponding request to modify parenting time. Defendant asserts the trial court erred in denying his motion to change the minor children's school enrollment from a public school near plaintiff's home to a parochial school. Additionally, defendant challenges the trial court's denial of his request for an increase of 18 overnights to his parenting time. We conclude that the trial court failed to address the children's established custodial environment, to describe the applicable burden of proof, and did not consider any statutory best-interest factors in deciding the requests as required by our case law. Therefore, we vacate and remand to the trial court to properly address these issues.

## I. BACKGROUND

The parties divorced in 2011. The judgment of divorce awarded joint legal and physical custody, with plaintiff's home as the minor children's primary residence. As support for his requests, defendant asserts the children will benefit from attending a different school system. Although defendant does not identify any particular deficiency with regard to the children's current educational environment or in their respective academic performances, he contends that their ability to thrive would increase in a different school system he contends is "better." Defendant implies that the change in school enrollment should also coincide with an increase in his parenting time to include an additional 18 overnights with the minor children. The parties currently share joint physical and legal custody, with plaintiff having 55% of the parenting time with the minor children and defendant enjoying 45% of the available parenting time. The parenting time modification requested by defendant would equalize the amount of time the parties have with the minor children.

-1-

The trial court conducted a de novo hearing on June 13, 2016, at which the parties presented their arguments on the request to change the children's school enrollment and the request to modify parenting time. During the hearing, the parties were sworn in and questioned briefly by the trial court. At the conclusion of the hearing, the trial court did not expressly address whether there was an established custodial environment, whether the requests would change that environment, or whether the requests weighed in favor of the individual best-interest factors under MCL 722.23. Instead, the trial court stated that

> whether or not we use the clear and convincing standard or the preponderance of the evidence standard in both directions it is my opinion based on everything that I have heard and read that this is something driven by [defendant] who would like to create reasons.
>
> And the reasons that you have come up with . . . really benefit you. There is no problem with your children. They seem to be, as I indicated, thriving. . . .
>
> They are doing well. Their grades are satisfactory. They are young. If there were a problem, then you would know about it.
>
> But in the interim this is exactly the normal life thing that these children might be doing adequate and next year might do superior. We don't know.
>
> But you are anticipating problems because you see problems within the school system. And I agree with [plaintiff's counsel], find a school system that doesn't have some issues.
>
> And so you would prefer to move into Parochial. It's joint. Legal mother doesn't want it. Most important you gave up your argument years ago and so the children are established in this school.
>
> I will not interrupt their weeknights when they are doing the way that they are doing and those things that you can work out, you need to work out. If you are not hearing from the district, you will have to communicate with them that you need to be notified of this. Obviously, he is borderline, I think there should be intelligent discussion about what should occur whether or not additional school is a good idea.

At the conclusion of the hearing, the trial court dismissed defendant's objections. Defendant appeals, claiming the trial court erred when it denied his motion to change the children's school enrollment and modify parenting time.

## II. PRESERVATION AND STANDARDS OF REVIEW

"Generally, an issue is not properly preserved if it is not raised before, addressed, or decided by the circuit court or administrative tribunal." *AFSCME Council 25 v Faust Pub Library*, 311 Mich App 449, 462; 875 NW2d 254 (2015) (citation omitted). Defendant filed a motion to change the school enrollment and modify the parenting time for the minor children. Plaintiff filed a response and the trial court held a hearing. The trial court denied defendant's

motion. As such, the issue is generally preserved for appellate review. However, defendant's argument as to the trial court's improper application of res judicata is raised for the first time on appeal and is not preserved.

As discussed in *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017):

All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue.

The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law.

The applicable burden of proof presents a question of law that is reviewed de novo on appeal. [Citations and quotation marks omitted.]

Unpreserved issues are reviewed "for plain error." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. (quotation marks and citation omitted).

III. ANALYSIS

A. REQUEST TO CHANGE SCHOOLS

Defendant first challenges the trial court's lack of adherence to procedural requirements in denying his motion to change the children's school enrollment. He asserts the trial court erred in failing to conduct a full evidentiary hearing and determining whether an established custodial environment existed for the minor children. We agree.

"The Child Custody Act, MCL 722.21 *et seq*., 'applies to all circuit court child custody disputes and actions, whether original or incidental to other actions.' " *Pierron v Pierron*, 282 Mich App 222, 247; 765 NW2d 345 (2009) (*Pierron I*), aff'd 486 Mich 81 (2010) (quotation marks and citation omitted). The purpose of the Child Custody Act is "to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Lieberman*, 319 Mich App at 78 (citations omitted). Specifically, MCL 722.27 provides, in relevant part:

(1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit

court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

* * *

(c) Subject to subsection (3), modify or amend its previous judgments or orders for proper cause shown or because of change of circumstances until the child reaches 18 years of age . . . . The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. . . .

Preliminarily, it is important to remember that the Child Custody Act "provides that when parents share joint legal custody—as the parties do here—the parents shall share decision-making authority as to the important decisions affecting the welfare of the child. However, when the parents cannot agree on an important decision, such as a change of the child's school, the court is responsible for resolving the issue in the best interests of the child." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010) (*Pierron II*) (citations omitted). The threshold determination is whether an established custodial environment exists. *Pierron I*, 282 Mich App at 244. "The established custodial environment is the environment in which over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." *Pierron II*, 486 Mich at 85-86 (quotation marks and citation omitted). "An established custodial environment may exist in more than one home, and can be established as a result of a temporary custody order, in violation of a custody order, or in the absence of a custody order." *Pierron I*, 282 Mich App at 244 (quotation marks and citations omitted). An important decision affecting a child's welfare does not necessarily mean the established custodial environment has been modified. *Pierron II*, 486 Mich at 86. There is only a change to the established custodial environment if parenting time adjustments change "whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort." *Id*. A court may not change the established custodial environment "unless there is presented clear and convincing evidence that it is in the best interest of the child." *Id*. (quotation marks and citation omitted). If the request to change schools does not change the established custodial environment, "the heightened evidentiary burden is not applicable, and [the] defendant is required to prove by a preponderance of the evidence that the proposed change of schools would be in the best interests of the children." *Id*. at 89-90. "If, on the other hand, the court finds that no established custodial environment exists, then the court may change custody or enter a new order 'if the party bearing the burden proves by a preponderance of the evidence that the change serves the child's best interests.' " *Pierron I*, 282 Mich App at 245 (citations omitted).

In other words, when making these determinations, trial courts must first address whether an established custodial environment exists. If it does, the trial court must determine whether the requested change would affect the established custodial environment of the child and, dependent on that outcome, ascertain the proper burden of proof to be employed. If the proposed change alters the established custodial environment, the party seeking the change must demonstrate by clear and convincing evidence that the change is in the children's best interests. If the change does not alter the established custodial environment, then the proponent of the change need only

demonstrate by a preponderance of the evidence that the requested change is in the children's best interests. *Pierron II*, 486 Mich at 89-90.

The children's best interests are determined by evaluating the factors designated in MCL 722.23. As clarified in *Pierron II*:

> MCL 722.23 requires "the *sum total* of the . . . factors to be considered, evaluated, and determined by the court[.]" (Emphasis added.) In *Parent v Parent*, 282 Mich App 152; 762 NW2d 553 (2009), the Court of Appeals addressed this issue, also in the context of a dispute over a proposed change of school. Recognizing that even though each of the factors might not be relevant to the issue, MCL 722.23 requires consideration of "all" the factors, the Court held that "[t]he trial court must at least make explicit factual findings with regard to the *applicability* of each factor." *Id*. at 157, 762 NW 2d 553 (emphasis added). We believe that this approach complies with MCL 722.23 and allows for the proper evaluation of whether an important decision is genuinely in the best interests of the children, in accordance with the Child Custody Act. Therefore, we hold that when a trial court is considering a decision that will not modify the established custodial environment, such as the change-of-school issue in this case, it must consider the applicability of all the factors. However, if the trial court determines that a particular factor is irrelevant to the immediate issue, it need not make substantive factual findings concerning the factor beyond this determination, but need merely state that conclusion on the record. [*Pierron II*, 486 Mich at 91.]

While the trial court did not designate it as such, the de novo hearing it conducted on June 13, 2016, was in essence a *Lombardo*[1] hearing. At a *Lombardo* hearing, the trial court "must consider, evaluate, and determine each of the factors listed at MCL 722.23 for the purpose of resolving disputes concerning important decisions affecting the welfare of the child that arise between joint custodial parents." *Pierron I*, 282 Mich App at 247 (quotation marks and citation omitted).

Defendant initially argues that the trial court erred in failing to conduct a full evidentiary hearing. We agree. The record makes clear that the trial court did not allow the parties an opportunity to fully present evidence on the issue of whether changing the children's school was in their best interests. Instead, the parties' attorneys presented their arguments, plaintiff and defendant were placed under oath, and the trial court asked them questions. We have long held that when the trial court must first answer the threshold question of whether there was a proper cause or change of circumstances, "the court need not necessarily conduct an evidentiary hearing on the topic." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). In this case, however, the trial court was not required to answer this threshold question prior to considering a request to change schools.[2] Instead, the trial court was tasked with determining the children's

---

[1] *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993).

[2] Here, as in the *Pierron* cases, there was no prior order regarding the children's enrollment in school, and therefore, defendant was not required to show proper cause or a change of

established custodial environment, whether the requested change would alter it, and whether such a request was in the best interests of the minor children. This determination requires an evidentiary hearing in the form of a *Lombardo* hearing. See *Pierron I*, 282 Mich App at 247 ("The court must do so by holding an evidentiary hearing and considering the relevant best-interest factors contained in MCL 722.23."). There was no evidence introduced, no witnesses called, no cross-examination by opposing counsel, and, as stated in more detail below, no express consideration of the best-interest factors contained in MCL 722.23. Therefore, we conclude that the trial court failed to conduct a full evidentiary hearing on the request to change the children's school enrollment, and for that reason, remand is required.

Furthermore, even if the hearing itself was adequate, the trial court failed to properly analyze the request to change schools consistent with the Child Custody Act. To begin, the trial court did not determine whether an established custodial environment exists with the children or whether the change of schools would alter that environment. Our Supreme Court has directed that "[w]hen resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Pierron II*, 486 Mich at 85. Here, this was not done, and this legal error is sufficient to require vacation and remand to the trial court.

Moreover, the trial court concluded that, regardless of the legal standard applied, a change of schools would not be in the children's best interests. Even if the trial court would have made a record that the more stringent clear and convincing standard was appropriate, it failed to analyze a single best-interest factor under MCL 722.23, which requires "the *sum total* of the . . . factors to be considered, evaluated, and determined by the court[.]" *Pierron II*, 486 Mich at 91. "[E]ven though each of the factors might not be relevant to the issue, MCL 722.23 requires consideration of 'all' the factors," and "[t]he trial court must at least make explicit factual findings with regard to the *applicability* of each factor." *Pierron II*, 486 Mich at 91 (quotation marks and citation omitted). If a particular factor is irrelevant, then the trial court "need merely state that conclusion on the record." *Id*. The trial court's failure to address any of the factors under MCL 722.23, let alone declare which factors were applicable and which were not, is fatal. On remand the trial court must first determine the issues concerning the established custodial environment and then conduct a full analysis of the best-interest factors.

Defendant's second claim of error, claiming the trial court improperly dismissed his objections on a res judicata theory, is without merit. Contrary to defendant's contention, the trial court did not improperly rely on defendant's prior 2012 motion to change school systems, and his subsequent withdrawal of that request does not evidence the trial court's improper application of the doctrine of res judicata[3] to the issue of school enrollment. Rather, the trial court pressed

---

circumstances as to the request to change schools. There was, however, a prior interim order involving the 2012-2013 school year, but nothing addressing the current or future enrollment of the minor children.

[3] "Michigan law defines res judicata broadly to bar litigation in the second action not only of those claims actually litigated in the first action, but also claims arising out of the same

defendant during the hearing to identify how the requested change was in the children's best interests. Defendant's previous withdrawal of a similar motion several years earlier was used by the trial court to question defendant about what had changed in the four-year interim between motions to necessitate the enrollment of the children in a different school system. In noting that the children had been attending their current school for four years, without defendant challenging their current academic placement, the trial court was seeking to obtain an explanation of why a change was now necessary and how it would serve the best interests of the children. The trial court's reference to defendant's prior motion was not to preclude or raise a barrier to a new motion, but simply to evaluate the merits of that new motion.

Plaintiff's contention that the children's "graduation" from Kenwood Elementary School at the conclusion of this academic year renders the issue moot is also mistaken. According to plaintiff, the children will conclude fifth grade at Kenwood Elementary School, presumably within the upcoming month. Plaintiff suggests this renders defendant's issue regarding school enrollment moot because Kenwood Elementary School does not have classes beyond the fifth-grade level and defendant has only taken exception to the children's attendance at this particular school. First, this is a mischaracterization of defendant's argument below. Defendant challenged the children's attendance in their current school *district*, with emphasis on issues pertaining to Kenwood Elementary School, due to various alleged financial problems being experienced, in both the district and school. Second, when indicating a preference for the children's enrollment in a parochial school, defendant specifically observed that their enrollment could continue in the proposed school until high school, allegedly contributing to greater stability and continuity. It can be anticipated, given the history and evident animosity between plaintiff and defendant, that the need for the children to select a school to attend for middle school will result in new litigation should plaintiff and defendant be unable to agree on a school for their enrollment. However, if the parties cannot agree on a school to enroll the minor children, the issue would need to be presented to the trial court for resolution of that specific conflict between the joint legal custodians. *Lombardo*, 202 Mich App at 159.

## B. REQUEST TO MODIFY PARENTING TIME

The final issue to be addressed is defendant's request to modify parenting time. Defendant argues that the trial court applied the wrong standard when evaluating his request to add 18 overnights. Specifically, he contends that the trial court improperly relied on *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003), rather than *Shade v Wright*, 291 Mich App 17; 805 NW2d 1 (2010).

Changes in custody or parenting time may be modified only if the moving party demonstrates that modification is justified by proper cause or because of a change of circumstances. MCL 722.27(1)(c). If the requested modification, such as a motion to change custody, alters the child's established custodial environment, the stricter *Vodvarka* framework would apply. *Shade*, 291 Mich App at 25-26. However, "a lesser, more flexible, understanding

---

transaction that the parties, exercising reasonable diligence, could have litigated but did not." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 11; 672 NW2d 351 (2003).

of 'proper cause' or 'change in circumstances' " is applicable to a request to modify parenting time. *Kaeb v Kaeb*, 309 Mich App 556, 570-571; 873 NW2d 319 (2015). Specifically, "the very normal life change factors that *Vodvarka* finds insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time." *Shade*, 291 Mich App at 30.

As more recently explicated by this Court in *Kaeb*, 309 Mich App at 570-572:

> Because the imposition, revocation, or modification of a condition on the exercise of parenting time will generally not affect an established custodial environment or alter the frequency or duration of parenting time, we are persuaded that a lesser, more flexible, understanding of "proper cause" or "change in circumstances" should apply to a request to modify or amend a condition on parenting time. As in *Shade*, it is evident that even normal changes to the lives of the parties affected by a parenting-time order may so alter the circumstances attending the initial imposition of a condition that a trial court would be justified in revisiting the propriety of the condition. A condition that was in the child's best interests when the child was in elementary school might not be in the child's best interests after he or she reaches high school. Even ordinary changes in the parties' behavior, status, or living conditions might justify a trial court in finding that a previously imposed condition is no longer in the child's best interests. We conclude that "proper cause" should be construed according to its ordinary understanding when applied to a request to change a condition on parenting time; that is, a party establishes proper cause to revisit the condition if he or she demonstrates that there is an appropriate ground for taking legal action. [Citations omitted.]

In this instance, defendant implies that a change in the children's school enrollment would also constitute a change in circumstances sufficient to revisit the issue of parenting time. Defendant also suggests that his remarriage and the children's relationship with his wife and her daughter comprise a sufficient change in circumstances to revisit parenting time.

Because the trial court denied defendant's request to alter the children's school enrollment, there existed no change in circumstances on this alleged basis to support defendant's modification of parenting time. However, because we are remanding for further proceedings on the request to change schools, this issue will need to be addressed at that time as well. See *Pierron I*, 282 Mich App at 249 (acknowledging that a change in school may "require minor modifications to [the] plaintiff's parenting time schedule").

Defendant's alternative basis for the modification of parenting time, his remarriage and the relationship of the children with members of their step-family, are sufficient under *Shade* to meet the initial threshold of a change of circumstances to consider the request. Defendant contends, however, that the trial court ignored *Shade* and applied the stricter, and inappropriate, standard imposed by *Vodvarka* in its analysis. Because the trial court failed to determine

whether an established custodial environment exists, let alone whether a modification of parenting time would change that environment, remand is also required on this issue.[4]

Whether the *Vodvarka* or *Shade* standard is applied depends on the existence of an established custodial environment and whether the proposed parenting time change would serve to alter that environment. Specifically:

> In a parenting-time matter, when the proposed change would not affect the established custodial environment, the movant must prove by a preponderance of the evidence that the change is in the best interests of the child. However, . . . when the proposed parenting-time change alters the established custodial environment, the proposal is essentially a change in custody, and *Vodvarka* governs. [*Lieberman*, 319 Mich App at 84 (citation omitted).]

Again, the trial court did not specifically address or discuss the existence of an established custodial environment for the children or the extent to which the best-interest factors were applicable. While the judgment of divorce granted joint physical and legal custody, a trial court must not "presume an established custodial environment by reference only to" the most recent custody order, but must "look into the actual circumstances of the case." *Curless v Curless*, 137 Mich App 673, 676-677; 357 NW2d 921 (1984). This determination is required before the trial court may make a conclusion on the best-interest factors.

Moreover, a determination of the effect of the parenting time modification on the custodial environment is necessary to determine the proper standard, *Vodvarka* (clear and convincing evidence) versus *Shade* (preponderance of the evidence), to be applied in determining the best interests of the children. Although defendant argues that the trial court improperly applied the stricter *Vodvarka* standard, in reality, the trial court opined that under either standard the best interests of the children were not served by the increase in overnight parenting time with defendant. Specifically, the trial court stated: "Now, whether or not we use the clear and convincing standard or the preponderance of the evidence standard in both directions it is my opinion based on everything that I heard and read that this is something driven by the Defendant who would like to create reasons." Given the trial court's implication that the requested parenting time would affect the established custodial environment, utilizing the *Vodvarka* standard would not be misplaced or constitute error. However, the trial court did not reach a conclusion as to whether the *Vodvarka* standard or *Shade* standard applies to this case, and the standard dictates whether the trial court must address each best-interest factor or may only address those factors in dispute. See *Shade*, 291 Mich App at 31-32 (concluding that "[c]ustody decisions require findings under all of the best-interest factors, but parenting time decisions may be made with findings on only the contested issues").

---

[4] We make clear that the trial court in no way expressed its reliance on a referee's analysis, wherein the referee may have properly addressed the established custodial environment and best-interest factors at a hearing. In fact, there is no transcript of the referee's hearing in this case, and the trial court instead reevaluated the evidence, questioned the parties, and made an independent decision based on the parties' briefing and the record.

Therefore, even though the trial court repeatedly sought to focus on and emphasize the best interests of the minor children, it did not expressly address any of the best-interest factors. If, on remand, the trial court concludes that the *Shade* standard applies, then it need only make findings on the contested issues. However, if it concludes that the stricter *Vodvarka* standard applies, then it must address all of the best-interest factors.

Vacated and remanded. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen