*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PATRICK EARL HARRISON,

UNPUBLISHED
July 1, 2021

Plaintiff-Appellee,

v

No. 354584
Shiawassee Circuit Court
Family Division
LC No. 19-003724-DC

JACQUELINE NAOMI JENKINS,

Defendant-Appellant.

Before: JANSEN, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right the lower court order granting the parties joint legal and physical custody of their two minor children, JH and ZH. We affirm.

## I. BACKGROUND

The parties, who were never married, began a dating relationship in 2012, and their children were born in 2013 and 2016. The parties lived together in Garden City until the summer of 2018 when they moved to Byron. Their relationship deteriorated, and defendant moved out of their home in May 2019 after learning that plaintiff had filed a custody complaint. Defendant moved to Ypsilanti, where she continued to live at the time of trial. Plaintiff continued to live at the house in Byron.

Custody and parenting time were initially established by an interim order. The parties received joint legal and physical custody, and the parties received "week on, week off" parenting time in the summer. During the school year, plaintiff received parenting time during weekdays and one weekend per month while defendant received parenting time three weekends a month and

-1-

Wednesday nights. Following a bench trial, the trial court permanently instituted the provisions of the interim order. This appeal followed.[1]

## II. STANDARD OF REVIEW

On appeal, defendant argues that the trial court erred by finding that there was no established custodial environment with either parent, and that the trial court failed to correctly evaluate the best interest factors found in MCL 722.23.

Factual findings in child custody cases will not be reversed on appeal unless they were against the great weight of the evidence. MCL 722.28; *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id.* (quotation marks and citation omitted). "Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is palpably and grossly violative of fact and logic." *Dailey*, 291 Mich App at 664-665 (quotation marks, citations, and alteration omitted).

## III. ESTABLISHED CUSTODIAL ENVIRONMENT

Defendant argues that the trial court erred by failing to find an established custodial environment with her. We agree with plaintiff that the trial court erred by failing to find an established custodial environment with *both* parties; however, we conclude that this error was harmless because the trial court applied the correct standard of proof.

"When resolving important decisions that affect the welfare of the child, the court must first consider whether the proposed change would modify the established custodial environment." *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010).

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered. [MCL 722.27(1)(c).]

"[A] custodial environment can be established in more than one home." *Ritterhaus v Ritterhaus*, 273 Mich App 462, 471; 730 NW2d 262 (2007). "[W]here a trial court fails to make a finding regarding the existence of a custodial environment, this Court will remand for a finding unless

---

[1] Defendant's initial appeal in this matter was dismissed for lack of jurisdiction because the order appealed, which did not dispose of the issue of child support, was not an appealable final judgment. *Harrison v Jenkins*, unpublished order of the Court of Appeals, issued August 11, 2020 (Docket No. 354424).

there is sufficient information in the record for this Court to make its own determination of this issue by de novo review." *Id*. (quotation marks, citation, and alteration omitted).

The trial court failed to make findings with respect to whether there was an established custodial environment. The court found only that neither parent established a custodial environment "in a manner superior to the other parent." The court then proceeded "*as though* no established custodial environment existed" and used the preponderance of the evidence standard. Although the trial court erred by failing to make adequate findings on the record regarding whether an established custodial environment existed with either parent, we conclude that a remand in this case is not necessary because the record is adequate for this Court to find that a custodial environment was established with both parents. *Ritterhaus*, 273 Mich App at 471. The interim custody order provided both parties a substantial amount of parenting time, and prior to the parties' separation the children lived with both of their parents. Prior to the separation defendant was the primary caregiver and she continued to care for the children during her parenting time after the separation. Plaintiff had the children most days after the separation, and was their primary caretaker during his parenting time. It was undisputed that both parties had a strong bond with both children. Therefore, we think it is clear that the children looked to both parties "for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c).

"[U]pon a finding of error an appellate court should remand the case for reevaluation, unless the error was harmless." *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994). A change in the established custodial environment occurs "if parenting-time adjustments change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort." *Marik v Marik*, 325 Mich App 353, 361; 925 NW2d 885 (2018) (quotation marks, citations, and alteration omitted). If an order does not change an established custodial environment, then the applicable standard of proof is a preponderance of the evidence. *Id*. In this case, the court, using the preponderance of the evidence standard, ordered that the custody arrangement remain the same as it was prior to the trial. Therefore, it cannot be said that this order changed where the children looked "for guidance, discipline, the necessities of life, and parental comfort." *Id*. Therefore, the proper standard of proof was the preponderance of the evidence standard. *Id*. Because the court, despite failing to make the requisite findings concerning the custodial environment, applied the correct standard of proof, the error did not affect the outcome of the trial.

## IV. BEST INTERESTS

Defendant next argues that the trial court's findings of fact concerning the best-interest factors were against the great weight of the evidence. We disagree.

"A trial court must consider the factors outlined in MCL 722.23 in determining a custody arrangement in the best interests of the children involved." *Bofysil v Bofysil*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 351004); slip op at 6. MCL 722.23 provides:

As used in this act, "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the court:

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

Defendant challenges the trial court's findings with respect to all factors apart from factor (e) (permanence, as a family unit, of the existing or proposed custodial home or homes), factor (f) (moral fitness of the parties), factor (i) (reasonable preference of the child, if the court considers the child to be of sufficient age to express preference), factor (j) (willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents), and factor (k) (domestic violence, regardless of whether the violence was directed against or witnessed by the child).

Regarding factor (a) (love, affection, and other emotion ties existing between the parties involved and the child), the trial court found that this factor did not favor either party. There was significant evidence concerning the strong bonds that both parties had with the children. This finding was not against the great weight of the evidence.

Regarding factor (b) (capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed), the trial court found that this factor favored plaintiff because the children had made tremendous strides in their education in Byron, and plaintiff would be able to continue that education. This finding was not against the great weight of the evidence.

Regarding factor (c) (capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs), the trial court found that this factor did not favor either party. Because both parties were employed, plaintiff's mother was willing to offer financial assistance, and neither party had ever neglected the children, this finding was not against the great weight of the evidence.

Regarding factor (d) (length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity), the trial court found that this factor favored plaintiff because the children had lived in plaintiff's home in Byron since 2018 and had begun school and activities there, and this finding was not against the great weight of the evidence.

Regarding factor (g) (mental and physical health of the parties), the trial court found that this factor slightly favored defendant, and defendant argues that this factor should have weighed heavily in her favor. Plaintiff does not dispute that he has had significant struggles with mental health, and the trial court acknowledged that there was a risk of these problems reemerging when it found that this factor favored defendant. The trial court properly focused on the state of plaintiff's health at the time of trial, and there was evidence that plaintiff had made substantial progress and was no longer a risk to himself. Moreover, even when plaintiff's mental health struggles were at their worst, defendant was always willing to leave the children in his care. Therefore, this finding was not against the great weight of the evidence.

Regarding factor (h) (home, school, and community record of the child), the trial court found that this factor favored plaintiff because the children were doing well in and enjoying their schooling and activities in Byron where they lived with plaintiff. This finding was not against the great weight of the evidence.

Affirmed.

/s/ Kathleen Jansen
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause