*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHEYENNE MARIE GROBASKI,

        Plaintiff-Appellee,

v

MAX DAVID MCPHERSON,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2022

No. 358336
Marquette Circuit Court
Family Division
LC No. 17-055628-DP

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

JANSEN, J. (*concurring*)

For the reasons that follow, I concur in the conclusion reached by the majority, but write separately to further explain the lower court proceedings and the context in which the lower court denied defendant father's custody motion and granted plaintiff mother's motion regarding schools.

Defendant appealed as of right the August 11, 2021 trial court order denying his custody motion and granting the motion of plaintiff regarding the school where the parties' daughter, SG, would attend. At the time defendant filed his March 15, 2021 motion to change custody, an order governing custody and parenting time was already in place. What the majority opinion does not make clear is that this custody order was entered on October 5, 2020, after the trial court held a full evidentiary hearing on the same or similar allegations defendant raised in his March 2021 custody motion. In the October 2020 order, the court granted plaintiff primary physical custody, and defendant parenting time every other weekend. The court reserved making a decision on where SG would attend school until she reached school age.

It is in this context that the trial court conducted a de novo hearing on the custody issue raised by defendant in March 2021. It appears that defendant regularly filed motions to change custody and made unsubstantiated allegations against plaintiff to Child Protective Services. In March 2021, defendant's motion to change custody was based on the same allegations of improper care and neglect that were addressed at the previous evidentiary hearing only months earlier. Thus, I cannot conclude that the trial court erred by denying defendant's motion for change of custody without holding an evidentiary hearing.

However, the court reserved judgment on the choice of SG's school in the October 2020 order. Thus, the parties were entitled to an opportunity to present updated information to the court for it to make this decision. Where parents share joint custody and cannot agree on the child's school, the court must make the decision based on the best interests of the child. *Lombardo v Lombardo*, 202 Mich App 151, 159; 507 NW2d 788 (1993). To do so, the court must hold an evidentiary hearing. *Pierron v Pierron*, 282 Mich App 222, 247; 765 NW2d 345 (2009), aff'd 486 Mich 81 (2010). Although a de novo hearing can satisfy the requirements of a *Lombardo* hearing, a full evidentiary hearing must be held. *Marik v Marik*, 325 Mich App 353, 363-364; 925 NW2d 885 (2018). This did not occur in this case. No evidence was presented regarding where SG should attend school, only oral argument. Thus, the court erred in granting plaintiff's motion, and the matter should be remanded for an evidentiary hearing for the court to determine which school to attend is in SG's best interests.

/s/ Kathleen Jansen