*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TARAH MICHELE SINDONE,

        Plaintiff-Appellant,

v

WILLIE PRESTON SINDONE,

        Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 361010
Monroe Circuit Court
LC No. 14-037278-DM

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting plaintiff the exclusive right to make medical appointments and medical decisions for the parties' minor child, WPS, but maintaining the parties' joint legal custody and existing parenting-time schedule.[1] On appeal, plaintiff argues that the trial court erred in finding clear and convincing evidence supported the parties maintaining joint legal custody, and determining there was no change in circumstances or proper cause to warrant a modification in defendant's parenting time. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the ongoing difficulties regarding the parties' relationship and ability to coparent WPS. After divorcing, the parties were awarded joint legal custody of WPS, with plaintiff awarded physical custody of WPS. The record indicates a number of disputes between the parties regarding various issues. Of relevance on appeal, the parties had ongoing disputes regarding medication, scheduling medical appointments, virtual schooling, and extracurricular activities for WPS. Specifically, the parties disagreed (1) whether one of WPS's medications was prescribed for every day, or only recommended on an as-needed basis; (2) whether plaintiff was permitted to schedule medical appointments for WPS without defendant's approval, because

---

[1] The order states: "[T]he parties should retain joint legal and physical custody." However, plaintiff was awarded physical custody earlier in the proceedings. Plaintiff moved to correct this clerical error. The trial court's actions in response to this error are not present in the record.

defendant wanted to go to the appointments, but would not give plaintiff his work schedule; (3) the extent to which defendant worked with WPS on his schoolwork, and whether defendant should obtain the relevant passwords to log WPS into his schooling from defendant's computer instead of relying on the laptop sent by plaintiff; and (4) whether plaintiff was permitted to enroll WPS in horseback riding lessons, without financial assistance from defendant, regardless of whether defendant consented to the activity.

Of specific importance, plaintiff scheduled a well check-up with WPS's pediatrician for WPS and his half-sister but defendant asserted she had to change the date because he could not attend. Plaintiff refused, and defendant called the pediatrician after the appointment telling them he was going to sue them. Defendant's actions resulted in the pediatrician's office terminating its relationship with WPS and his half-sister. Defendant would also video record WPS's medical appointments on his cellphone without the provider's permission.

These disagreements culminated in plaintiff's motion to modify custody and parenting time, seeking an award of sole legal custody and to change defendant's parenting time to the same number of days, but different days of the week, to correlate with defendant's days off work because defendant was not spending all his parenting time with WPS. At the evidentiary hearing, a nurse for the pediatrician confirmed WPS and his half-sister were terminated as patients after defendant's threatening telephone call. Plaintiff testified regarding the various incidents with defendant, and asserted she did not believe the parties were capable of working together to make any decisions for WPS, making sole legal custody necessary.

Defendant testified regarding the various incidents as well, and acknowledged he was wrong for threatening to sue WPS's pediatrician. Defendant agreed he and plaintiff had difficulties coparenting, but believed they could improve. Defendant's primary concern regarding WPS's medical appointments was not having a say in WPS's treatment, and not knowing what was going on with WPS, because, while plaintiff usually relayed this information, defendant did not trust her. Defendant did not want to provide plaintiff with his work schedule because he did not want her knowing what he was doing each day; she was constantly accusing him of improper behavior. Defendant believed both parents should be equally involved in WPS's education, but did not feel he was given the chance. Defendant acknowledged he had a computer in his home WPS could use for schooling, but contended it was a matter of convenience to have plaintiff send the laptop because the passwords were already saved.

The trial court determined the change in circumstances involving WPS's loss of his long-time pediatrician was sufficient to justify addressing legal custody. However, the trial court determined there were no changed circumstances warranting a review of parenting time because the only evidence provided was plaintiff's allegation defendant was not home during his parenting time, which was not established by any persuasive evidence. The trial court addressed the best-interest factors, under MCL 722.23, and found most to be neutral, but some to weigh in plaintiff's favor. Specifically, the trial court noted defendant's participation in WPS's education was less than plaintiff's and although both parents were able to provide for WPS's material needs, plaintiff was more capable of providing medical care; thus, this factor weighed in favor plaintiff. The trial court also considered WPS's preferences from a confidential interview.

Lastly, the trial court considered any other relevant factors. The trial court discussed the difference between the parties' care for WPS's medical needs, noting plaintiff was much more involved and defendant's refusal to provide his schedule contributed to his own frustrations regarding his lack of involvement. The trial court also opined that defendant did not understand the concept of legal custody, explaining:

> Joint legal custodians are not required to attend every appointment together. A joint legal custodian does not have to put off an appointment for necessary care to accommodate the other party when a child is sick or suffering. That would be unreasonable and not in the child's best interests. Nevertheless, those are the kinds of demands that [defendant] would make.
>
> For example, it was reasonable and prudent for [plaintiff] to take advantage of an earlier optometrist appointment when the child was having headaches rather than wait another month and allow him to suffer. [Defendant's] disagreement in that regard was not reasonable. **Plaintiff's Exhibit C** is an example of [defendant] acting in an unreasonable manner, having "notified the dr [sic] that [WPS] is not to be seen" unless he was there for a simple well-child visit. His demand to be present for a cardiologist appointment would have set that appointment off for an additional two months, which did not serve his son's best interests.

The trial court considered defendant's improper behavior with WPS's medical providers, but credited defendant for admitting what he did was wrong. The trial court was also concerned with defendant's video recording of WPS's medical appointments without the providers' consent.

In light of these facts, the trial court found clear and convincing evidence demonstrated the parties should retain joint legal custody, and parenting time should remain the same. However, the trial court gave plaintiff "the exclusive right to make medical appointments and medical decisions" for WPS, and required defendant to administer WPS's medication as prescribed or directed by WPS's doctor. The trial court prohibited defendant from harassing or intimidating WPS's doctors, or recording WPS's appointments without the medical staff's consent, and ordered plaintiff to provide defendant with the passwords and necessary information for WPS's virtual schooling. The trial court ordered that the parties could enroll WPS in extracurricular activities during their own parenting time, and at their own expense, including horseback riding and snowmobiling, "so long as reasonable and standard safety precautions for each activity are observed."

## II. ANALYSIS

Plaintiff argues that the trial court erred by determining clear and convincing evidence supported maintaining the parties' joint custody and parenting-time schedule. We disagree.

> We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's

discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003), quoting *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000) (internal citations omitted).]

Plaintiff does not dispute the trial court's findings of fact or findings on the existence of an established custodial environment. Instead, plaintiff argues that the trial court abused its discretion by determining, on the basis of the facts in the record, the parties should retain joint legal custody. "In child custody cases, [a]n abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010) (quotation marks and citation omitted, alteration in original). "Orders concerning parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue." *Id.* at 20-21 (quotation marks and citation omitted).

## A. LEGAL CUSTODY

The trial court did not err by refusing to grant plaintiff sole legal custody of WPS. "Before modifying or amending a custody order, the circuit court must determine whether the moving party has demonstrated either proper cause or a change of circumstances to warrant reconsideration of the custody decision. MCL 722.27(1)(c)[.]" *Dailey v Kloenhamer*, 291 Mich App 660, 665; 811 NW2d 501 (2011).

To establish proper cause, the movant must prove the existence of an appropriate ground for legal action to be taken by the trial court. Further, [t]he appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude [as] to have a significant effect on the child's well-being. Similarly, to establish a change of circumstances, the movant must prove that since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed. [*Id.* (quotation marks, citations, and footnote omitted; alterations in original).]

"Once a party has met the initial burden of showing a change in circumstances or proper cause to revisit the custody order, the next step is for the circuit court to determine the applicable burden of proof for the custody hearing. See MCL 722.27(1)(c)." *Dailey*, 291 Mich App at 666-667. Because the trial court determined an established custodial environment existed with both parents in this case, which is not disputed by the parties, the trial court "could not modify custody unless it found clear and convincing evidence that modification was in the child's best interests." *Id.* at 667. "In determining the best interests of the child, the court must review the best-interest factors listed in MCL 722.23." *Dailey*, 291 Mich App at 667. "In addition, the court must consider the general level of cooperation and agreement between the parties when considering joint custody." *Id.* (quotation marks and citation omitted).

Joint custody mandates both parents "share decision-making authority as to the important decisions affecting the welfare of the child." MCL 722.26a(7)(b).

> At times, of course, joint legal custodians will not be able to agree on important decisions . . . that affect their children's welfare. Thus, where the parents as joint custodians cannot agree on important matters . . . , it is the court's duty to determine the issue in the best interests of the child. [*Pierron v Pierron*, 282 Mich App 222, 247; 765 NW2d 345 (2009) (quotation marks and citations omitted).]

"It is presumed to be in the best interests of a child for the child to have a strong relationship with both of his or her parents." MCL 722.27a(1).

> On appeal, plaintiff only challenges the trial court's determinations for three of the best-interest factors, which concern:
>
> > (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.
>
> > (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.
>
> > * * *
>
> > (l) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23(b), (c), and (*l*).]

Plaintiff argues, while the trial court did consider the difference in the parties' involvement in WPS's schooling, it failed to consider the fact that defendant blames plaintiff for his own failure to be involved, under MCL 722.23(b). However, the person on whom defendant places blame for his actions is irrelevant when considering his capacity to assist WPS with his schoolwork. The trial court considered defendant's lesser involvement by concluding this factor weighed slightly in favor of plaintiff, in light of the parties' equivalence on the other elements of this factor, such as love, affection, and guidance.

Plaintiff argues the trial court also erred by failing to emphasize defendant's tendency to disagree with plaintiff's medical decisions just to be difficult, under MCL 722.23(c), which was not in WPS's best interests. However, the trial court determined this factor weighed in favor of plaintiff because of plaintiff's diligent pursuit of WPS's medical treatments and defendant's unreasonable demands regarding medical appointments. Furthermore, the trial court also noted it appeared defendant's actions, at least concerning recording WPS's appointments, were designed to "intimidate, control, and harass" plaintiff. The trial court considered defendant's problematic behavior when evaluating this factor, through its analysis under MCL 722.23(l).

Plaintiff also argues that the trial court erred in its analysis under MCL 722.23(l) because, while defendant asserted he did not trust plaintiff, he provided no evidence for why. However,

this was only one of many other considerations, which plaintiff does not dispute.  While  the issue of whether defendant's distrust of plaintiff was warranted may have served to bolster plaintiff's position, the trial court already determined this factor weighed in favor of plaintiff.  This consideration would not change that analysis.

While three of the factors analyzed by the trial court weighed in favor of plaintiff, "the trial court need not make its custody determination on the basis of a mathematical calculation and may assign differing weights to the various best-interest factors[.]"  *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008).  The trial court noted various factors were neutral and determined the evidence supported a finding that WPS received love, affection, and guidance from defendant. The record does not indicate WPS does not love defendant or enjoy his time with defendant. Furthermore, the trial court had the opportunity to consider WPS's preferences.

While it appears defendant was being difficult, sometimes to the detriment of WPS, the carve-outs the trial court made in its order of granting plaintiff sole decision-making authority for medical appointments and treatment, and permitting each parent to choose extracurricular activities for WPS when WPS is in their care, specifically addressed these problems without disrupting defendant's relationship with WPS.   Given the interest in maintaining a strong relationship between WPS and his parents, MCL 722.27a(1), the special carve-outs to handle the medical and extracurricular disputes, and the discretionary nature of the trial court's decision, there is insufficient evidence to support a finding the trial court abused its discretion by maintaining joint legal custody.

## B.  PARENTING TIME

The trial court did not err by refusing to change defendant's parenting time.  Unlike changes in custody, changes in parenting time require "a lesser, more flexible, understanding of proper cause or change in circumstances is applicable to a request to modify parenting time."  *Marik v Marik*, 325 Mich App 353, 367-368; 925 NW2d 885 (2018) (quotation marks and citation omitted). "Specifically, the very normal life change factors that *Vodvarka*[, 259 Mich App at 499,] finds insufficient to justify a change in custodial environment are precisely the types of considerations that trial courts should take into account in making determinations regarding modification of parenting time."  *Marik*, 325 Mich App at 368 (quotation marks and citation omitted).  "If the required parenting time adjustments will not change whom the child naturally looks to for guidance, discipline, the necessities of life, and parental comfort, then the established custodial environment will not have changed."  *Rains v Rains*, 301 Mich App 313, 340; 836 NW2d 709 (2013).

"In order to modify a parenting-time schedule, if the modification would not constitute a change in an established custodial environment, the party proposing the change must show by a preponderance of the evidence that the change is in the child's best interests."  *Id.*  Plaintiff did not seek to change the number of days defendant had for parenting time, only which days he had.  This was unlikely to modify who WPS looks to for "guidance, discipline, the necessities of life, and parental comfort," *id.*, and therefore, would not change WPS's established custodial environment with defendant.  However, plaintiff was still required to show by a preponderance of the evidence that the change was in WPS's best interests.  See *id.*  Plaintiff's sole basis for changing defendant's parenting time was her allegation that defendant did not spend all his parenting time with WPS

because he worked during the day.  However, as the trial court noted, plaintiff did not provide any evidence to support her contention.  The trial court could not modify defendant's parenting time solely on the basis of plaintiff's unsupported assertion that the change would permit WPS to spend more time with defendant.  Plaintiff provided no evidence that her proposed change would be in WPS's best interests, and the trial court did not err by refusing to change parenting time.

       Affirmed.


                                              /s/ Christopher M. Murray
                                              /s/ Mark J. Cavanagh
                                              /s/ Thomas C. Cameron