*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA MARIE HUNTER,

        Plaintiff-Appellee,

v

STEPHEN CHRISTOPHER HUNTER,

        Defendant-Appellant.

UNPUBLISHED
June 29, 2023

Nos. 361228; 363254
St. Clair Circuit Court
Family Division
LC No. 21-000585-DM

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

BORRELLO, J. (*concurring in part and dissenting in part*)

In this matter, I concur in all aspects of the majority's opinion with the exception of the trial court's failure to conduct a proper hearing regarding JH's change of schools. It is difficult to imagine a more important decision to be made in the life of a minor child than which school that child will attend. Here, the majority correctly asserts that at the time plaintiff unilaterally decided to enroll the JH in a catholic school, she had sole custody. This factor alone, the trial court believed, was sufficient to deny of full hearing on the matter. This was error, and in my opinion an egregious error. If taken to its logical conclusion, such a ruling serves as an absolute bar to conducting any meaningful review of any decision made by a parent with sole custody. Because I find such a legal position untenable and contrary to law, I respectfully dissent from that portion of the majority's opinion.

I note that plaintiff has failed to put forward any case law that supports her position and the erroneous ruling by the trial judge that once a parent has attained sole custody any decision they make is precluded from review. Additionally, in its analysis, the majority, in affirming the trial court created a new standard of review on such matters: "We cannot fault the trial court for failing to hold a hearing on an issue not raised by defendant."

The trial court ruled that although defendant regained his status as joint legal custodian, he was effectively forever precluded from challenging plaintiff's decision regarding JH's school as long as plaintiff made that decision and completed JH's enrollment while plaintiff had sole legal custody.

However, "the Child Custody Act provides that when parents share joint legal custody—as the parties do here—the parents shall share decision-making authority as to the important decisions affecting the welfare of the child." *Marik v Marik*, 325 Mich App 353, 360; 925 NW2d 885 (2018) (quotation marks and citation omitted). It need be emphasized that the trial court acknowledged that it had granted joint legal custody of JH to both parties after a period of sole legal custody with plaintiff.[1] When parents with joint legal custody "cannot agree on an important decision, such as a change of the child's school, the court is responsible for resolving the issue in the best interests of the child." *Id*. (quotation marks and citation omitted). In resolving such disputes,

> trial courts must first address whether an established custodial environment exists. If it does, the trial court must determine whether the requested change would affect the established custodial environment of the child and, dependent on that outcome, ascertain the proper burden of proof to be employed. If the proposed change alters the established custodial environment, the party seeking the change must demonstrate by clear and convincing evidence that the change is in the child's best interests. If the change does not alter the established custodial environment, then the proponent of the change need only demonstrate by a preponderance of the evidence that the requested change is in the child's best interests. [*Id*. at 362.]

Here, the trial court did not apply this legal framework and as a consequence, made an error of law. Accordingly, I would reverse and remand for the trial court to apply the proper legal framework in resolving this dispute over JH's school. *Pierron v Pierron*, 486 Mich 81,85; 782NW2d 480 (2010), see also *Marik*, 325 Mich App at 356, 363-364 & 363 n 2 (concluding that remand was required where trial court failed to conduct an evidentiary hearing on a motion by a parent with joint legal custody to change the minor child's school and where there was no existing order in effect regarding schooling such that the court did not first have to determine whether there was proper cause or a change of circumstances).[2]

---

[1] Though neither party raised the issue I am at a loss as to how a trial court grants a party sole custody, then switches to joint custody without a hearing but merely the passage of time.

[2] Plaintiff argues that defense counsel waived this issue by sending an email to the trial judge's secretary after the August 25, 2022 hearing and after receiving JH's enrollment records because the email stated that the enrollment records from the Catholic school "appear to reflect that the enrollment took place in March 2022 during the period that Plaintiff had sole legal custody" and "[a]ccordingly, there need not be an evidentiary hearing scheduled on that issue." I disagree. Counsel asked for a hearing and was, in my opinion, erroneously informed by the trial court that as long as the decision was made while plaintiff had sole custody, it would not entertain such a hearing. Contrary to plaintiff's assertions, the trial court specifically precluded defendant from having a hearing on the matter.

I concur in all other aspects of the majority's opinion.

/s/ Stephen L. Borrello