*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COURTNEY KELLY HUTCHINS,

Plaintiff-Appellee,

v

DAVID DASHUN WILSON,

Defendant-Appellant.

UNPUBLISHED
May 14, 2026
11:09 AM

No. 377071
Wayne Circuit Court
LC No. 24-114660-DC

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff filed a complaint requesting sole physical and legal custody of the child that she shares with defendant. The trial court awarded plaintiff joint legal custody and sole physical custody, while defendant received joint legal custody and parenting time. Defendant now appeals and claims errors with the trial court's best-interest findings and procedures during the hearing. We affirm.

## I. BACKGROUND

At the time that plaintiff filed the complaint, the child was one-and-a-half years old. The trial court held two case management conferences and issued orders pertaining to those conferences. According to the orders, the arrangement between the parties was that the child was "with Plaintiff; Defendant visits minor child Tuesday/Thursdays and rotating Saturday or Sunday on the agreement." Plaintiff was requesting sole legal and sole physical custody due to her breastfeeding of the child at that time; she also requested that defendant's parenting time remain the same as the then-existing arrangement. In contrast, defendant requested joint legal and joint physical custody, including overnight parenting time.

The trial court held an evidentiary hearing. At the hearing, both parties appeared *in propria person* and were sworn in to testify. The trial court questioned each party about the best-interests factors. During defendant's testimony, he stated that when he has the child, it was only for a three-and-a-half hour period and never overnight. At the end of defendant's testimony, the trial court asked him whether there was anything that had not been discussed that he would like the trial court to be aware of, and defendant spoke about plaintiff.

-1-

After defendant was finished, the trial court asked plaintiff if there was anything that she would like to add. Plaintiff wanted to address defendant's testimony and asked the trial court whether she should "do that in the form of questioning and calling him as a witness, or should [she] just the address the concerns." The trial court responded that plaintiff could call defendant as a witness and ask him questions, which plaintiff did. Once plaintiff was finished questioning defendant, the trial court asked the parties whether it was "[o]kay?" that it gave an oral ruling the following week by Zoom. Defendant affirmatively told the trial court that it was "[o]kay."

When giving its oral ruling, the trial court stated the following: "Based on the circumstances and the testimony given, the Court finds that the established custodial environment exists with both parties. Therefore, the standard this Court used to review the best interest factors was clear and convincing evidence." The trial court proceeded to examine the best-interest factors for clear and convincing evidence and found that a majority of the factors either favored both parties or were inapplicable or inconclusive. On the two factors that favored one party over the other, the trial court explained that factor (d) (the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity) favored plaintiff, and factor (j) (the willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the parents) favored defendant.

Ultimately, the trial court concluded that, based on the testimony and the evidence provided during the trial, it was in the best interests of the child that the parties be awarded joint legal custody and that plaintiff be awarded sole physical custody. Defendant was awarded the following parenting time: until the child reached the age of three, defendant would have parenting time every Tuesday from 6:00 p.m. until 8:30 p.m. and alternate weekends, which would be Friday to Saturday or Saturday to Sunday, 6:00 p.m. to 6:00 p.m. Once the child turned three, the Tuesday parenting time would increase and would span Tuesday at 6:00 p.m. until Wednesday morning, the beginning of school/daycare or 10:00 a.m.

Defendant now appeals.

II. ANALYSIS

A. BEST INTERESTS

On appeal, defendant argues that the trial court committed error by finding that there was clear and convincing evidence that sole physical with plaintiff was in the child's best interests. The trial court's order in a child custody dispute must be affirmed unless the trial court: (1) made findings of fact against the great weight of evidence; (2) committed a palpable abuse of discretion; or (3) clearly erred on a major legal issue. MCL 722.28. For the great weight of evidence, the Court "should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Shade v Wright*, 291 Mich App 17, 21; 805 NW2d 1 (2010). A trial court abuses its discretion in a child custody case when its "decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). And "clear legal error occurs when the trial court errs in its choice, interpretation, or application of the existing law." *Shade*, 291 Mich App at 21 (cleaned up).

In a child custody dispute, the trial court may award custody and provide for parenting time in accordance with the child's best interests. MCL 722.27(1). When making a determination in regard to the custody of a child, the trial court must determine if there is an established custodial environment. *Barretta v Zhitkov*, 348 Mich App 539, 552; 19 NW3d 420 (2023). Once a trial court determines that there is an established custodial environment, it then "must determine whether the requested change would affect the established custodial environment of the child and, dependent on that outcome, ascertain the proper burden of proof to be employed." *Marik v Marik*, 325 Mich App 353, 362; 925 NW2d 885 (2018); see also MCL 722.27(1)(c) ("The court shall not . . . issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child.").

"[N]ot all modifications of one party's parenting time amount to a change of the established custodial environment that exists with that party." *Pierron v Pierron*, 282 Mich App 222, 249; 765 NW2d 345 (2009). "[M]inor modifications that leave a party's parenting time essentially intact do not change a child's established custodial environment." *Atherton v Atherton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 372458); slip op at 4-5. For the best-interests analysis, a preponderance of the evidence standard applies when the change is a mere adjustment in parenting time; the higher standard of clear and convincing evidence is used if the adjustment in parenting time is effectively a change in custody and alteration to the child's established custodial environment. *Stoudemire v Thomas*, 344 Mich App 34, 48; 999 NW2d 43 (2022).

Defendant argues that the trial court changed the child's established custodial environment without finding clear and convincing evidence for best interests. As noted earlier, the trial court stated that it would use the clear and convincing standard in evaluating the best interests of the child. It is not apparent, however, that this evidentiary standard was the proper one to use here, as opposed to the lower preponderance of the evidence standard. Once it is determined that there is an established custodial environment, it must then be determined whether the proposed modification would alter that environment; if yes, then the higher standard must be used, and if no, the lower one. See *Marik*, 325 Mich App at 362; see also *Pierron*, 486 Mich at 92.

The trial court did not determine whether the proposed change would alter the child's established custodial environment. The trial court's omission was harmless, though, because as we will see, even under the higher evidentiary standard, the trial court did not abuse its discretion in finding that the best interests favored sole physical custody for the mother. Critically, it should be stressed that, at the time of these proceedings, the child was quite young and was being breastfed by her mother. The child had spent most of her young life with the mother, and at this early stage of the child's development, the trial court correctly concluded that this favored plaintiff.

Defendant claims that he exercised parenting time three-and-a-half hours a day, five days a week, but the record does not support this assertion. According to the case management conference orders, defendant visited the child on Tuesdays/Thursdays and rotating Saturdays or Sundays. And defendant never testified that he had the child five days a week; he testified that during the times when he had the child, it was for three-and-a-half hour periods.

When the trial court ordered Tuesday afternoons and alternating weekends, it was most likely attempting to formalize the schedule already in place, evidenced by similar days reported in the conference orders. Given defendant's testimony that each visit lasted three-and-a-half hours

and the conference orders providing at most four visits a week, defendant had approximately 28 hours of parenting time every two weeks prior to the order. The trial court's order provides defendant with 29 hours of parenting time every two weeks. Additionally, the parenting time will increase by over 20 hours once the child turns three. The only substantial change to parenting time that was made was to defendant's benefit: he was awarded overnight visits which he did not have before.

The trial court's decision and findings for MCL 722.27 should focus on the best interests of the child, not the parents' preferences. *Brown v Loveman*, 260 Mich App 576, 593; 680 NW2d 432 (2004); *Pierron*, 486 Mich at 91-92. Defendant fails to show how the trial court's order is not in the child's best interests. The order formalizes the situation that the child is accustomed to, while also increasing the time and providing overnight visits with defendant. Further, defendant has not presented clear and convincing evidence or cogent argument that his request of four overnight visits was in the child's best interests. After considering, evaluating, and addressing the best-interests factors described in MCL 722.23, the trial court issued an order that reflected the then-current custody arrangement between the parties before court intervention and added additional time for defendant as the child matured. See *Griffin v Griffin*, 323 Mich App 110, 123; 916 NW2d 292 (2018). Based on the evidence presented, the trial court did not abuse its discretion in issuing such order.

## B. CROSS-EXAMINATION

Additionally, defendant argues that he was not provided a fair trial and due process because the trial court denied him an opportunity to cross-examine plaintiff but offered plaintiff an opportunity to cross-examine defendant. Because defendant did not preserve this constitutional issue, we will review the claim for plain error affecting substantial rights. *Quint v Quint*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368002); slip op at 7. A plain error affects substantial rights if it caused prejudice that affected the outcome of the proceedings. *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

The trial court called both parties as witnesses, and, therefore, they were "entitled to cross-examine" each other. MRE 614(a). But it is defendant's error, not the trial court's, that defendant failed to exercise his right to cross-examine. Defendant contends that the trial court "affirmatively offer[ed]" plaintiff the opportunity to cross-examine defendant, but the record does not support this assertion. The trial court asked defendant if he had anything else to offer, and he testified about plaintiff. The trial court posed the same question to plaintiff, and plaintiff requested to question defendant, which the trial court allowed.

Although the trial court could have affirmatively offered defendant cross-examination, nothing in the rules of evidence requires the trial court to ask whether a party would like to cross-examine. See MRE 614(a) ("Each party is entitled to cross-examine the witness."). Further, plaintiff, who also appeared without an attorney, exercised her right to cross-examine on her own initiative and without an offer from the trial court. Plaintiff simply requested to ask defendant questions and was allowed to do so, which should have informed defendant he also could have made the same request if he wanted to cross-examine plaintiff. Defendant did not attempt to cross-examine and, therefore, there was no deprivation or curtailment of cross-examination by the trial

-4-

court. See *HMM by Next Friend CM v JS*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367586); slip op at 6.

Even if the trial court had asked defendant whether he wanted to cross-examine plaintiff, it is unclear how such testimony would have changed the trial court's decision. Defendant on appeal only argues that the "direct questions from him to Plaintiff-Mother would have required Plaintiff-Mother to go off-script and actually answer and address the issues Defendant-Father raised." The trial court heard about these concerns during defendant's testimony; hearing testimony from plaintiff about the same topics most likely would not have changed the trial court's decision. There was no error, let alone plain error.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle