# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 15, 2007

130917

RANDALL L. ROSS,
       Plaintiff-Appellee,

v

AUTO CLUB GROUP,
       Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130917
COA: 262167
Macomb CC: 2004-001913-CK

On March 7, 2007, the Court heard oral argument on the application for leave to appeal the January 3, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) what is the appropriate standard of review of a trial court's decision on whether to award attorney fees pursuant to MCL 500.3148(1), see *Attard v Citizens Ins Co of America,* 237 Mich App 311, 316; 602 NW2d 633 (1999) (clear error); contrast *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 634-635; 552 NW2d 671 (1996) (abuse of discretion); compare *Sweebe v Sweebe,* 474 Mich 151, 154; 712 NW2d 708 (2006) (waiver is a mixed question of law and fact); *Herald Co, Inc v Eastern Mich Univ Bd of Regents,* 475 Mich 463, 471-472; 719 NW2d 19 (2006) ("the clear error standard has historically been applied when reviewing a trial court's factual findings whereas the abuse of discretion standard is applied when reviewing matters left to the trial court's discretion"; any inherent "legal determinations are reviewed under a de novo standard"); (2) what is the appropriate method of determining whether a claimant is entitled to work loss benefits pursuant to MCL 500.3107(1)(b) for loss of income where the claimant is the sole shareholder and employee of a subchapter S corporation, 26 USC 1361 *et seq.*; (3) in evaluating the claimant's work loss claim, what is the relevance, if any, of (a) the subchapter S corporation's profit or loss, and (b) the wages the sole shareholder reports to the federal government for income tax purposes; and (4) when an insurer refuses or delays payment of benefits, is a rebuttable presumption that the refusal or delay was unreasonable (see *Combs v Commercial Carriers, Inc*, 117 Mich App 67, 73; 323 NW2d 596 (1982)) consistent with the language of MCL 500.3148(1)?

The Michigan Trial Lawyers Association, Michigan Defense Trial Counsel, Inc., and any interested section of the State Bar of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

KELLY, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 15, 2007

Clerk

p0612