*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANYEL GODFREY,

        Plaintiff-Appellee,

v

HALSTON SLEGERS,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 366941
Eaton Circuit Court
Family Division
LC No. 16-001194-DS

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Defendant appeals the trial court's order finding that modifying the parenting time of the parties' minor child during the school year and changing the child's school would not be in the child's best interests. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff has physical custody of the child on weekdays and defendant has physical custody of the child on weekends. There is no dispute that the parties' child does exceptionally well in school. In 2022, defendant moved to change the child's school to the school in his district, and to modify the parties' parenting time arrangement. He asserted his local district would provide the child with greater opportunities, including a gifted and talented program which is not offered at the child's present school. The change would have effectively reversed the parties' parenting time, with defendant having physical custody of the child on weekdays and plaintiff having physical custody on weekends. Plaintiff opposed the change, arguing the child was doing well at her current school and that changing her school would upset her stability.

The trial court referred the case to the Friend of the Court (FOC) for an investigation. After discussing the best-interest factors under the Child Custody Act of 1970, MCL 722.21 *et seq.*, the investigator found that changing the child's school and parenting time would not be in her best interests. Defendant challenged the decision, and a referee held hearings and took testimony. The referee determined the child had an established custodial environment with both parents and that changing her school would not alter her environment. Under the preponderance-of-the-evidence standard, the referee found that changing the child's school and modifying parenting time would

-1-

not be in her best interests. Defendant objected to the referee's order. Following a de novo hearing, the trial court adopted the investigative order, with modifications, and found that changing the child's school and modifying parenting time would not be in her best interests.

## II. EVIDENTIARY STANDARD

Defendant argues the trial court erred because it failed to explicitly identify the relevant legal standard. He believes the trial court committed reversible error by failing to state on the record that the burden of proof was preponderance of the evidence. We disagree.

### A. STANDARD OF REVIEW

Issues of law, such as the appropriate standard of review, are reviewed de novo. See, e.g. *Ross v Auto Club Group*, 478 Mich 902, 902; 732 NW2d 529 (2007) (quotation marks omitted) ("[I]nherent legal determinations are reviewed under a de novo standard.").

### B. LAW AND ANALYSIS

Parents who share joint legal custody share authority to make important decisions affecting the child's welfare. *Marik v Marik*, 325 Mich App 353, 360; 925 NW2d 885 (2018). A decision regarding whether to change a child's school is one such decision. *Id*. If the parents cannot agree, "the court is responsible for resolving the issue in the best interests of the child." *Id*. (quotation marks and citation omitted). Before making any decision that would affect the welfare of the child, the trial court must determine whether the decision would modify the child's established custodial environment. *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). If a proposed modification would change the child's established custodial environment, the moving party must show, "by clear and convincing evidence, that the change is in the child's best interests." *Id*. at 92. However, if the proposed modification does not change the child's custodial environment, the moving party must only show that the change is in the child's best interests by a preponderance of the evidence. *Id*. at 93.

Defendant argues that the correct standard in this case was preponderance of evidence, because his proposed change—moving schools and switching parenting time—would not alter the child's established custodial environment. He says that, although the trial court correctly employed the preponderance-of-the-evidence standard, it erred by failing to specifically identify preponderance of the evidence as the precise legal framework.

In making this argument, defendant does not cite to any authority for the proposition that the trial court was required to explicitly state the standard on which the change was warranted. It is not this Court's role to explain or develop a party's argument. *In re Bell*, 341 Mich App 596, 602-603; 991 NW2d 251 (2022) (citation omitted) ("A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim."). Beyond that, defendant *admits* the trial court employed the correct standard. In the absence of any meaningful argument showing the trial court's use of the preponderance-of-the-evidence standard was incorrect, we conclude defendant's argument is meritless.

## III. BEST-INTERESTS DETERMINATION

Defendant alleges that the trial court made several errors when finding that changing the child's school would not be in her best interests. We disagree.

### A. STANDARD OF REVIEW

Regarding custody determinations, this Court must affirm the trial court's decisions unless its factual findings were against the great weight of the evidence, it palpably abused its discretion, or it made a clear legal error on a major issue. MCL 722.28. The trial court's factual findings are against the great weight of the evidence only if the evidence "clearly preponderate[s] in the opposite direction." *Pierron*, 486 Mich at 85 (quotation marks and citations omitted).

### B. LAW AND ANALYSIS

To determine what is in a child's best interests, the trial court must consider the sum total of the following factors:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

> (d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

> (e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

> (f) The moral fitness of the parties involved.

> (g) The mental and physical health of the parties involved.

> (h) The home, school, and community record of the child.

> (*i*) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

> (j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a

child or that parent from sexual assault or domestic violence by the child's other parent.

   (k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

   (*l*) Any other factor considered by the court to be relevant to a particular child custody dispute. [MCL 722.23.]

Defendant asserts that the trial court erred by addressing only five best-interest factors rather than all the required best-interest factors. In its independent opinion, the trial court addressed only Factors (c), (d), (j), (k), and (*l*). But, the trial court also incorporated by reference the investigator's order as part of its opinion. The investigator addressed each best-interest factor individually and used facts to support its conclusions about which factor favored which party. Reading these two orders together, the trial court did not leave any best-interest factor unaddressed.

Defendant next argues that the trial court did not adequately consider the numerous problems with cooperation between the parties, specifically with plaintiff's adjusting of defendant's parenting-time schedule. Specifically, defendant asserts the court failed to consider disparaging TikTok videos, a dentist appointment, plaintiff's threat to ground the child, plaintiff's unilateral decision to enroll the child in her current school, the child missing school while sick, and plaintiff's enrolling the child in gymnastics in a different location.

The trial court's decision regarding the weight of the best-interest factors is a matter of the court's discretion. *Kessler v Kessler*, 295 Mich App 54, 64; 811 NW2d 39 (2011). The trial court is not required to comment on each piece of evidence provided by the parties, and a failure to address each piece of evidence does not suggest that the court overlooked the relevant evidence. *Id.* at 65.

We note that the trial court did address the TikTok videos in its decision. Additionally, while the investigative order addressed the child's dental appointments when it found that Factor (c) favored plaintiff, the trial court found that Factor (c) equally favored the parties because defendant attended the child's dental appointments. The trial court also found that Factor (j) (regarding each party's willingness to facilitate a relationship with the other parent) favored defendant. Regardless, the trial court was not required to address each individual piece of evidence.

To the extent that defendant argues that the trial court failed to address plaintiff's opposition to a week-on, week-off parenting time schedule in the summer, we note that plaintiff stated she was agreeable to increasing defendant's parenting time to some extent, and thought it would be fair for defendant to have more parenting time in the summer, including that defendant might like to have the child on some weekdays and she would like to have the child on some weekends. The court ultimately granted defendant's request for week-on, week-off summer parenting time. Again, the trial court was not required to address plaintiff's opposition to the

specific schedule requested by defendant. The court clearly did not overlook the summer parenting time dispute.[1]

Defendant also argues that the trial court erred by focusing exclusively on Factor (*l*) and finding that defendant coached the child. The trial court "need not make its custody determination on the basis of a mathematical calculation and may assign differing weights to the various best-interest factors." *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008). This Court defers to the trial court's credibility determinations. *Id*. at 705.

Of the factors that the trial court addressed in its de novo opinion, Factors (c), (d), (j), and (k) favored both parties, and Factor (*l*) favored plaintiff. In the investigative order, the investigator determined that Factor (b) favored plaintiff because defendant did not exercise all his parenting time in 2018 and 2019, and Factors (a), (e), (f), (g), and (h) favored neither party. Construing both orders together, two factors favored plaintiff and one factor favored defendant. Even if the trial court had mathematically weighed the factors, they did not favor defendant.

Regardless, as previously stated, mathematical application is not appropriate, *Berger*, 277 Mich App at 712, and the primary dispute in this case was where the child would attend school. The investigator found that the child's academic excellence was tied to her existing living arrangement and there was no evidence to support a conclusion that the child needed to change school districts when she was already doing so well. Defendant was primarily opposed to the child being "a secondary teacher" for other children in school since he thought it was not a good use of the time in which she was supposed to be learning. But, both of the educators who testified, including the educator called by defendant, testified that mixed-ability classrooms actually benefit advanced students. Plaintiff thought changing schools would be detrimental to the child because it would disrupt her existing environment and relationships, but defendant thought that changing schools would be beneficial because it would offer her more opportunities and because he himself had not been negatively affected by changing schools when he was a child. This reflects only a parental difference of opinion. There was no question that the evidence established the child was doing extremely well in her current educational environment. We conclude that the evidence did not clearly preponderate in the opposite direction of the trial court's finding that changing schools would not be in the child's best interests because there was inadequate evidence that the child, who is already a gifted student, would receive greater benefit from a new school environment as compared to the potential disruptions to her stability.

Finally, defendant argues the trial court's finding that defendant, or someone aligned with defendant, coached the child about the school decision was so cryptic that it renders appellate review nearly impossible. When considering Factor (*l*), the trial court found that the referee who

---

[1] To the extent that defendant argues that the trial court is required to provide a parenting-time schedule that encourages his relationship with the child, we conclude that he has abandoned any separate parenting-time argument. See *In re Bell*, 341 Mich App at 602 (quotation marks and citation omitted). This alleged error is not addressed in any detail in defendant's brief. He has not mentioned the parenting-time factors, see MCL 722.27a, much less provided any separate parenting-time analysis.

had interviewed the child was concerned that she was coached to say that defendant's proposed school district was better than her current district.

Contrary to defendant's argument, the trial court's finding is reviewable on the existing record. Defendant agreed that he had consulted the child before making decisions for her and that he told her that there might be a potential change in schools. He also agreed that he had described the potential school. Plaintiff further testified that the child was present when defendant talked about the child potentially attending a new school. Although defendant is likely opposed to the characterization of his discussions as "coaching," the evidence does not clearly preponderate against the trial court's finding.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron